# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACINTO ROMERO, an individual; and RAMIRO CERDA, an individual d/b/a Yo No Fui Clothing,<br><br>Plaintiffs,<br><br>v.<br><br>ALESSIA GIACOBINO, and individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 1:13-cv-02046-DAD-SKO<br><br>**FINDINGS AND RECOMMENDATION THAT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT BE DENIED**<br><br>**FINDINGS AND RECOMMENDATION THAT PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE FOR FAILURE TO PROSECUTE**<br><br>**OBJECTIONS DUE: 14 DAYS**<br><br>(Doc. 26) |

## I.   INTRODUCTION

Plaintiffs Jacinto Romero and Ramiro Cerda ("Plaintiffs") filed a Complaint on December 16, 2013, for trademark infringement, unfair competition, and false designation of origin. (Doc. 1.) Defendant Alessia Giacobino was served with a copy of the complaint on March 26, 2014, with an answer to the complaint due April 16, 2014. (Doc. 5.) The clerk entered default against Defendant on August 29, 2014 (Doc. 11), and Plaintiffs filed their first Motion for Default Judgment on November 13, 2014 (Doc. 15).

Because Plaintiffs' Motion for Default Judgment was set for submission without a hearing, Plaintiffs requested a hearing to determine damages pursuant to Fed. R. Civ. Proc. 55(b)(2), which was set for January 14, 2015. (Docs. 16; 17.) As Defendant resides in Italy, Plaintiffs were unable to serve Defendant with notice of the hearing and Plaintiffs requested the hearing be rescheduled to allow them sufficient time to effect service. (Doc. 18.) The hearing was vacated

and reset to June 17, 2015 -- a five-month extension of time. (Doc. 19.) Plaintiffs initiated service on the Defendant in Italy on April 27, 2015, and requested a further continuance of the hearing to determine damages. (Doc. 20.) The hearing was reset to August 12, 2015. (Doc. 21.)

On June 3, 2015, Plaintiffs filed their "Notice Regarding International Service of Process," confirming that international service had commenced upon Defendant of the notice of the August 12, 2015, hearing to determine damages. (Doc. 22.) On July 22, 2015, Plaintiffs filed a "Notice Regarding International Service of Process and Request to Reschedule Hearing to Determine Damages," requesting the hearing be reset for some time in November 2015. (Doc. 15.) Plaintiffs explained that Defendant has moved to a new Italian city, and "[u]pon notice of a rescheduled hearing date, Plaintiffs will take necessary steps to locate and serve the [D]efendant." (Doc. 15.)

On July 29, 2015, after twice rescheduling the Hearing to Determine Damages (Docs. 19; 21), the Court denied Plaintiffs' third request to reschedule the hearing to determine damages and denied without prejudice Plaintiff's Motion for Default Judgment (Doc. 24.) On February 2, 2016, Plaintiffs refiled their Motion for Default Judgment, and represented to the Court they were now in possession of Defendant's current address and able to accomplish international service of upon Defendant. (Doc. 26.) After again requesting a continuance to accomplish international service complying with requirements imposed by the Hague Convention (Docs. 28; 29), a Hearing to Determine Damages was set for July 27, 2016, and Plaintiffs were ordered to serve Defendant with Notice of the hearing on damages and the Motion for Default Judgment by no later than June 29, 2016. (Doc. 30.)

Plaintiffs were further ordered to file their proof of service with this Court by no later than July 8, 2016, and cautioned that should Plaintiffs fail to file proof of service by the deadlines set by the Court, the motion would be denied and the case would be recommended for dismissal for failure to prosecute. (Doc. 30.) No proof of service was filed on July 8, 2016. (*See* Docket.)

**II.     DISCUSSION**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to

control their dockets and "[i]n the exercise of that power they may impose sanctions, including, where appropriate . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.1988) (dismissal for failure to comply with local rule requiring pro se plaintiff to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831); *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53. "The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

Here, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal

3

satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's March 9, 2016, minute order expressly ordered Plaintiffs to file proof of service by July 8, 2016, and warned that failure to file such proof of service would result in denial of the motion and recommendation to the district judge that the case be dismissed for failure to prosecute. (Doc. 30.) Thus, Plaintiffs had adequate warning that sanctions, up to and including dismissal of the case, would result from their noncompliance with the Court's March 9, 2016, order.

Because Plaintiffs have not filed any proof of service, the Court has no information whether Defendant has been served. Despite the Court's repeated admonitions (Docs. 24; 30), Plaintiffs have demonstrated they are unable or unwilling to proceed with prosecuting their case. Pursuant to Local Rule 110 and the Court's inherent power to sanction, the undersigned RECOMMENDS that this case be DISMISSED with prejudice.

### III. CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiffs' Motion for Default Judgment (Doc. 26) be DENIED and this case be DISMISSED with prejudice for failing to comply with the Court's March 9, 2016, order.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1) (B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 13, 2016**                               **/s/ Sheila K. Oberto**
                                                                            UNITED STATES MAGISTRATE JUDGE